*Kvape ars.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED #: 5/19/09 | |

AMERICAN AIRLINES, INC.,           :
                                   :
        Plaintiff,                 :
                                   :
    vs.                            :
                                   :      Case No. 09 CV 4535 (LAK) (HBP)
CHARLES F. IMHOF  and              :              ECF Case
DELTA AIRLINES INC.,               :
                                   :
        Defendants.                :
                                   :

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-captioned action (the "Action"), and ORDERED by the Court as follows:

### Scope of Stipulation

1.    This Confidentiality Stipulation ("Stipulation") applies to all information including, without limitation, documents, writings, video or audio tapes, computer-generated, or recorded information in any form, materials, initial and supplemental disclosures, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information (the "Discovery Materials") produced by any party or a third party ("Producing Party").

### Use of Discovery Materials

2.    Except as set forth in Paragraph 3 below, this Stipulation has no effect upon, and its scope shall not extend to, any party's use of its own Discovery Materials that it produces.

### Designation of Confidential and Highly Confidential Information

3. Any Party may designate Discovery Materials, regardless whether it is the Producing Party, as "Confidential" or "Highly Confidential" in accordance with the standards of paragraphs 3(a) and 3(b) below.

a. To designate Discovery Materials as "Confidential," the Producing Party must have a reasonable, good faith belief that the Discovery Materials constitute or contain an individual's personal or private information or trade secret or other confidential research, development, or commercial information.

b. To designate Discovery Materials as "Highly Confidential," the Producing Party must have a reasonable, good faith belief that the Discovery Materials constitute or contain trade secret or other confidential research, development, or commercial information, and that disclosure of the Discovery Materials to any officer, director, or employee for any party in this Action, would create an undue risk of competitive injury to the Producing Party's business or injury to the individual's privacy rights and interests that would not exist in the absence of such disclosure.

c. Confidential Information and Highly Confidential information shall not include any document, thing or information that was, is, or becomes public knowledge in a manner other than by violation of this Stipulation or by any other unlawful means.

d. Whenever practicable, a party shall designate as "Confidential" or "Highly Confidential" only those parts of the document that contain "Confidential" or "Highly Confidential" information, unless the entire document contains such information, in which case a party may designate the entire document as "Confidential" or "Highly Confidential."

4. Discovery Materials shall be designated as Confidential or Highly Confidential, respectively, by marking or stamping each page of such document (or the first page of a multi-

2

page document provided the document is securely bound) **"Confidential: American Airlines v. Imhof" or "Highly Confidential:  American Airlines v. Imhof."**  With respect to Discovery Materials in computerized or electronic format, a Producing Party shall designate the Discovery Materials as Confidential or Highly Confidential in a writing delivered along with the Discovery Materials when a copy of it is provided to another party.  Recipients of Discovery Materials produced in computerized or electronic format shall also treat all print-outs of such material in accordance with the written designation and shall mark or stamp such print-outs with the above-described written designation.  With respect to Discovery Materials that constitute objects or other things, the Producing Party shall designate the Discovery Materials as Confidential or Highly Confidential by marking or stamping the words **"Confidential: American Airlines v. Imhof" or "Highly Confidential: American Airlines v. Imhof "** in a conspicuous location on the thing or object.  Non-Producing Parties who designate Discovery Materials as Confidential or Highly Confidential shall do so by informing the Producing Party by way of letter with the bates numbers of the document(s).  Thereafter, a Producing Party shall re-produce copies of the Discovery Materials within seven days' receipt of the letter, and the designating party shall pay the copying or production expenses associated therewith. All parties shall then destroy all copies of the previously provided Discovery Materials upon receipt of the newly-designated materials.

5.    Prior to the preliminary injunction hearing, Delta's counsel shall treat all documents produced by Mr. Imhof as Highly Confidential except it may disclose such documents to Peter Kenny and Marguerite Taylor who shall not disclose the documents to anyone else at Delta. After the preliminary injunction hearing, and for all productions thereafter, American will have seven days to review such documents and indicate whether such documents are Confidential or Highly Confidential, and Delta shall treat them as such without exception.

American shall make such designations by sending a letter, identifying the bates ranges and designations of any such documents. Delta may treat all documents that American does not make designations within seven days as undesignated. However, nothing herein shall preclude American from later designating a document as Confidential or Highly Confidential pursuant to paragraph 6 of this Order.

6.     Failure of the designating party to mark a document or thing as Confidential or Highly Confidential in accordance with this Stipulation shall not preclude either party from thereafter in good faith marking the document or thing so long as it does so promptly after learning of the initial failure and requests in writing that the document or information be treated as Confidential or Highly Confidential in accordance with this Stipulation. Where a designating party belatedly designates documents or information as Confidential or Highly Confidential, counsel for the receiving party shall take such steps as reasonably necessary to mark and treat the document or thing in accordance with this Stipulation. The document or thing shall thereafter be subject to this Stipulation. Neither party shall incur liability for disclosures made in good faith prior to notice of confidentiality designations.

7.     Counsel for any party may state on the record at the deposition that the party wishes to designate all or part of the transcript as Confidential or Highly Confidential, and may make designations on the record at the time of the testimony. If any counsel does not so state, the party shall designate in writing to all parties within seven business days after the deposition transcript is received by such counsel, all or any portion or portions of such transcript, as Confidential or Highly Confidential Information provided the designated portion or portions meet the standards set forth in paragraph 3(a) or 3(b). Until such seven day expiration, the parties shall treat the transcripts as Confidential. In the event that the deponent submits changes

to his/her transcript, counsel for any party may, in writing to all parties within two (2) business days after the revised transcript is received by such counsel, designate all or any revised portion or portions of such transcript as Confidential or Highly Confidential Information. All exhibits to any transcript shall retain their original designations. All copies of deposition transcripts and/or exhibits designated as Confidential shall be prominently marked **"Confidential: American Airlines v. Imhof."** All copies of deposition transcripts and/or exhibits designated as Highly Confidential shall be prominently marked **"Highly Confidential: American Airlines v. Imhof."**

8. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party believes that any question is likely to result in the disclosure of Confidential or Highly Confidential Information or that any answer contains Confidential or Highly Confidential Information, such counsel may move the court to close the hearings to the public during the time that such Confidential or Highly Confidential Information is disclosed.

9. In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain Confidential or Highly Confidential Information, such papers or exhibits to papers filed with the Court, or portions thereof containing Confidential or Highly Confidential Information, shall be filed pursuant to the Court's rules by submitting them to the Records Management Unit located in Room 270 on the second floor of the Daniel Patrick Moynihan Courthouse. Documents submitted under seal must be accompanied by a CD containing a portable document format (pdf) version of the document. The CD should be labeled:

**CONFIDENTIAL (or HIGHLY CONFIDENTIAL where applicable)**

> FILED UNDER SEAL PURSUANT TO STIPULATION AND ORDER DATED MAY ____, 2009. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF

DISPLAYED OR REVEALED EXCEPT BY OR AS DIRECTED
BY THE COURT.

The parties shall not include Confidential or Highly Confidential Information in the title of the
documents filed with the Court so that, in all instances, the titles of the documents – and the
Court's docket sheet reflecting those titles – may remain public.

10.     Discovery Materials designated as "Confidential" ("Confidential Information"),
including portions of Discovery Materials that are quoted, described, attached to, or incorporated
into attorney work product, briefs and/or appendices containing the same shall not be disclosed
by anyone to any person or entity other than the following, without prior consent of the
Producing Party or upon prior Order of this Court:

    a.  The Court and Court personnel;

    b.  Outside Counsel of record for the respective parties in this Action and their
secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside
counsel in this Action;

    c.  Inside counsel for each of the parties to this Action;

    d.  Outside testifying or consulting experts retained in good faith to assist Outside
Counsel in the Action (who shall execute a sworn statement in the form annexed hereto as
Exhibit A, a copy of which shall be retained by counsel retaining said expert);

    e.  Litigation support vendors who are expressly retained to assist counsel of
record for the parties in this Action (who shall execute a sworn statement in the form annexed
hereto as Exhibit A, a copy of which shall be retained by counsel retaining said vendor);

    f.  Persons not covered by other sub-parts of this paragraph who the receiving
party reasonably believes have independent knowledge of the Confidential Information;

g. Current officers, directors, and employees of each of the parties who are reasonably necessary to assist counsel in the preparation and litigation of the Action;

h. Current and former officers, directors and employees of the parties who were employed and/or served as a director at the time when the Confidential Information was created and whom the receiving party reasonably believes have independent knowledge of the Confidential Information;

i.     Any person listed as the author, addressee or copied recipient of the Confidential Information or who lawfully received the Confidential Information in the ordinary course of business;

j.     With respect to persons not covered by subparts (a) through (h) of this paragraph, and only during the deposition of such person, any person who may appear, based on the Confidential Information itself or testimony in a deposition, to have independent knowledge of the contents of the Confidential Information or the specific events, transactions, discussions, or data reflected therein. Such person shall not be entitled to retain a copy of any Confidential Information produced during the deposition;

k. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed provided such persons are subject to confidentiality undertakings with their employers with respect to the information disclosed or who have read and executed a sworn statement in the form annexed hereto as Exhibit A;

l. Witnesses at in-court proceedings and anyone present for an in-court proceeding. This provision is subject to the results of a motion made pursuant to Paragraph 7; and

7

m. Any other person designated by the Court in the Action, upon such terms as the Court may deem proper.

11. Subject to Paragraph 5, only those people falling within one of the categories of Paragraph 10 may view Discovery Materials designated as "Highly Confidential," except that no current officer, director, or employee of any party, including inside counsel for any party may view Highly Confidential material.

12. Any person who is not currently employed by a party and who is shown Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and 10 shall, prior to being given any Confidential Information or Highly Confidential Information, read this Stipulation and agree to abide by its terms, and execute a sworn statement in the form annexed hereto as Exhibit A.

**Challenges to Designations**

13. If any party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential" or seeks to use such materials other than as permitted by this Stipulation, the party shall provide written notice to counsel for the party making the designation. The parties shall promptly confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after conferring, any party may request relief from the Court. Until the Court rules on the motion, the Discovery Materials shall be treated in a manner consistent with their designation as "Confidential" or "Highly Confidential." In the event such a motion is filed, the designating party shall have the burden of establishing that the Discovery Materials are entitled to the "Confidential" or "Highly Confidential" designation as defined in this Stipulation.

**General Provisions**

8

14.   The parties, and all people or entities subject to this Protective Order, may not use Discovery Materials designated as Confidential or Highly Confidential pursuant to the terms of this Stipulation for any purpose other than in connection with the above-captioned proceeding, or any appeals there from, unless specific written authorization is provided by the Producing Party.

15.   The parties, and all people or entities subject to this Protective Order, may not use any private and personal information about Charles I. Imhof, his relatives, or his friends, which is unrelated to the business issues in this litigation and which was obtained by the production of his electronic materials.

16.   This Stipulation or the existence of such shall not be offered or admitted into evidence at trial in the Action, or argued to any jury in the Action or otherwise disclosed to such jury, but the meaning of such designations, as defined in this Stipulation, as Confidential and Highly Confidential Information may be explained to the jury by the Court.  Similarly, the failure of a party to object to the designation of Discovery Materials as Confidential or Highly Confidential shall not be argued or accepted as an admission that such Discovery Materials are in fact entitled to treatment as Confidential Information or Highly Confidential Information.

18.   If, in connection with the Action, a Producing Party discloses information subject to a claim of privilege or work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert for the Disclosed Protected Information and its subject matter.

a.   A Producing Party may assert in writing privilege or work product protection for Disclosed Protected Information.  The receiving party must, within five business days of receiving that writing, return or destroy all copies of the Disclosed Protected Information

and provide a certification of counsel that all Disclosed Protected Information has been returned or destroyed.

        b.      Within five business days of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party will produce a privilege log for the Disclosed Protected Information.

        c.      The receiving party may move the court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion must be filed under seal and will not assert as a ground for entering an order the fact or circumstances of the production.

        d.      The Producing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph limits the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

        e.      If, at trial, at a hearing, at a deposition, or on a motion, a Producing Party marks for identification or offers into evidence that Party's Disclosed Protected Information—or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703—that act will be deemed to effect a waiver and forfeiture by the Producing Party of privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence will not apply to (1) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (2) Disclosed Protected Information that is marked for

identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proferred by an adverse party.

      f.     The terms set forth in the letter from Gayle R. Klein to Harlan A. Levy, dated May 14, 2009, as well as the terms set forth in the letter from Gayle R. Klein to Lance Gatko and Helen Maher dated May 16, 2009, that concern "Communications with Counsel" (as defined therein) are incorporated herein by reference. In addition, no parties or their counsel will use any such Communications with Counsel. Also, parties and their counsel will not use the fact that Communications with Counsel were produced to LECG or PWC pursuant to those letters as a basis to argue waiver of any applicable privilege.

      19.     This Stipulation shall have no effect on the admissibility or discoverability of any Confidential Information or Highly Confidential Information, nor does it create a presumption that Discovery Materials designated as "Confidential" or "Highly Confidential" aetually constitute a trade secret, or proprietary or otherwise protectable confidential information.

      20.     Any party served with a subpoena or other notice compelling the production of Confidential Information or Highly Confidential Information received in connection with this Action shall give prompt written notice to the Producing Party as far in advance of the requested production date as possible, but in no event less than two (2) business days prior to production. The fact that the subpoena or other notice compels the production of Confidential or Highly Confidential Information does not change any deadline or due date specified by the subpoena or other notice.

      21.     This Protective Order can be modified at any time by the consent of all parties or by order of the Court. Nothing herein shall prevent any party from seeking by appropriate

motion of the Court, or by negotiation, further, greater or lesser protection with respect to the use or disclosure of any Confidential Information or Highly Confidential Information.

22.     The parties agree to seek approval of the Court with respect to this Stipulation. Notwithstanding the pendency of approval by the Court, this Stipulation shall become effective among such parties who have executed this agreement immediately upon its execution. If approval by the Court is ultimately denied, the parties shall negotiate in good faith to reach agreement upon revisions to this Stipulation that are satisfactory to the parties and to the Court, but until such further agreement is reached, no party shall treat any Confidential Information or Highly Confidential Information produced prior to that time other than as provided for herein.

23.     Any non-party to the Action that is served with a Subpoena Duces Tecum in connection with the Action may produce documents pursuant to said Subpoena under the terms of this Stipulation, provided that such non-party is furnished with a copy of this Stipulation and agrees to be bound thereby with respect to the designation and treatment of Confidential Information and Highly Confidential Information.

24.     Within 30 days after the conclusion of the Action, including all appeals, any and all originals and copies of Discovery Materials maintaining a designation of Confidential or Highly Confidential Information shall, at the option of the Producing Party, be returned to the Producing Party or destroyed, except that outside counsel for each party in this Action may maintain in its files one copy of each of the following (except for exhibits attached to any of the following or portions of transcripts that were designated as Confidential or Highly Confidential Information): documents filed with the Court, written discovery requests and responses, deposition transcripts and attorney work product.  Upon request from any party, a party shall provide written certification that it has complied with this Paragraph.  The parties shall retain

each Exhibit A executed during the pendency of the Action and shall provide copies to each of

the other parties at the conclusion of the Action and if a Producing Party has reasonable grounds

to believe that Highly Confidential Information has been disclosed in violation of this Stipulation

or such Highly Confidential Information is being or was used by someone for purposes other

than this Litigation, the other parties shall indicate at the conclusion of the Action which persons

executing Exhibit A (if any) reviewed Highly Confidential Information. After the conclusion of

the Action, the provisions of this Stipulation shall continue to be binding until further order of

this Court, and this Court shall retain jurisdiction over the parties and any other person who has

had access to Confidential or Highly Confidential Information pursuant to this Stipulation, in

order to enforce the provisions of this Stipulation.

     25.    This Stipulation may be executed in counterparts.


So ordered,


                                   United States District Judge
                                   Lewis A. Kaplan


DATE:_____


So Stipulated on May 18, 2009:

Gayle Rosenstein Klein
McKool Smith P.C.
399 Park Avenue
Suite 3200
New York, New York  10022
*ATTORNEYS FOR PLAINTFF AMERICAN AIRLINES, INC.*

Paul Fishman, Esq.
Lance Gotko, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York  10019-6708
*ATTORNEYS FOR CHARLES F. IMHOF*


Harlan A. Levy, Esq.
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York  10022
*ATTORNEYS FOR DEFENDANT*
*DELTA AIR LINES, INC.*

14

Paul Fishman, Esq.
Lance Gotko, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019-6708
*ATTORNEYS FOR CHARLES F. IMHOF*


Harlan A. Levy, Esq.
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
*ATTORNEYS FOR DEFENDANT*
*DELTA AIR LINES, INC.*

14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN AIRLINES, INC., | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : Case No. 09 CV 4535 |
| CHARLES F. IMHOF and | : Honorable Lewis A. Kaplan |
| DELTA AIR LINES INC., | : |
| | : |
| Defendants. | : |
| | : |

### EXHIBIT A

### CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR
### RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

I, _____, state the following:

1.     I have read and understand the Stipulation to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Stipulation. I agree to be bound by the terms of the Stipulation both with respect to this Court's powers of supervision of the litigation of the Action, and, contractually to any Producing Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation.

2.   I shall not use or disclose any Confidential Information and/or Highly Confidential Information to others, except in accordance with the Stipulation, and I shall not in any way make use of facts and other information obtained from reviewing such Confidential and/or Highly Confidential Information in connection with any activity other than this Litigation or any purpose other than participating in this Litigation. I understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Stipulation, I shall be subject to sanctions by way of contempt of Court, such other or additional relief the Court may deem appropriate, and to separate legal and equitable recourse by the adversely affected Producing Party.

_____

Signature

_____

Printed Name

_____

Address

**SWORN TO** and subscribed before me
this _____ day of _____, 2009

_____

Notary Public